# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**CAESAREA DEVELLE JAMES, JR.,**

    Petitioner,

v.
                                           **CIVIL ACTION NO. 2:14-CV-42**
                                           **(BAILEY)**

**ANNE MARY CARTER, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 15]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on October 1, 2014, wherein he recommends this Court dismiss the petitioner's § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that service was accepted on October 6, 2014 [Doc. 16]. The petitioner timely filed objections on October 15, 2014 [Doc. 17]. Accordingly, this Court will review those portions of the R&R to which the petitioner objected under a *de novo* standard of review. The remaining portions will be reviewed for clear error.

## Discussion

### I. Factual and Procedural History

The Petitioner is an inmate currently housed at FCI Morgantown. He challenges the validity of his convictions and sentences imposed by the United States District Court for the Southern District of Ohio, for wire fraud, mail fraud, passing a fictitious obligation, and making false oaths during a bankruptcy proceeding. Prior to trial in that matter, the petitioner attempted to dismiss the Superseding Indictment by arguing that Guaranteed Rate and WMC Mortgage were not the owners of the notes or mortgages and that the lenders falsified his signatures. That motion was denied. He filed a direct appeal of his conviction to the Sixth Circuit Court of Appeals, which denied the same. While that appeal was still pending, he filed a motion to vacate pursuant to 28 U.S.C. § 2255, which has yet to be ruled upon.

In the meantime, petitioner has filed the instant petition with this Court. As previously stated, the R&R recommends dismissal with prejudice as it is an improperly filed

§ 2241 petition, or in the alternative, that the petitioner has not shown evidence of fraud on the court to survive a motion under Rule 60(b).

## II. Petitioner's Objections

Petitioner has framed his two objections to the R&R as follows:[1]

1. Did the magistrate judge err in converting an independent action under Rule 60(b) for Fraud Upon the Court into a § 2255 petition when the § 2241 petition was clearly for Fraud Upon the Court, which is properly considered pursuant to 60(b)?

2. Did the magistrate judge err in considering the petition under Rule 60(b)(3) instead of Rule 60(b)?

## III. Applicable Law

"The judiciary has long had a strong interest in the finality of judgments, revising a judgment under Rule 60 is ordinarily the exception and not the rule. A party moving for relief under Rule 60(b) must make a showing of timeliness, a meritorious defense, and a lack of unfair prejudice to the opposing party, and exceptional circumstances . . .. Rule 60(b)(6) is a catch-all provision . . . that is rooted in the Court's historical equitable power: it vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice. Perhaps in recognition of the extraordinary discretion the provision provides to trial courts, our Court of Appeals has declared that such a motion may not be granted absent extraordinary circumstances. This very strict

---

[1] This Court has reworded the objections for clarity.

interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." ***United States v. Reeves***, 2012 WL 2524721, *9 (W.D. Va. June 29, 2012) (internal citations and quotations omitted).

Additionally, the law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. ***In re Vial***, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in ***Jones***, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

***In re Jones***, 226 F.3d 328, 333-334 (4th Cir. 2000). Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241.

## IV.  Analysis

At the outset, this Court finds that the magistrate judge applied the appropriate legal standards in his R&R. In the R&R, the magistrate judge considered the petition as both an improperly filed § 2241 petition and as a motion under Rule 60(b).

In construing the petition under § 2241, the R&R correctly noted that James cannot show that the charges for which he was convicted are no longer criminal. Thus, the petitioner does not fulfill the second condition to invoke the savings clause or to proceed under § 2255(h). James does not satisfy the savings clause, and the Court need not address the relative merits of his Section 2241 petition or the extraordinary relief he seeks through his 60(b) Motion. Because James has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim.

Nevertheless, the magistrate judge continued to address the petition under Rule 60(b). In so doing, the magistrate judge correctly noted that the petitioner has not shown any fraud on the court. In support of his "Fraud on the Court" allegations, the petitioner provides language from a brief in a civil action that he brought against his mortgage company while incarcerated. He asserts that the language is new evidence which proves the documents forming the basis of the underlying criminal charges were forged and, further, that the prosecutors knew of this forgery, thereby committing fraud on the court. The language petitioner relies on is as follows:

> Fourth, Guaranteed Rate did not violate the statute because its representative signed the mortgage document with a notary's acknowledgment. For these reasons, James' motion for summary judgment should be denied.

*James v. Guaranteed Rate, Inc.*, 1:09-cv-673, (S.D. Ohio, April 19, 2012) [Doc. 66 at 9].

While this Court is not positive what the petitioner thinks the above language conveys, this Court is of the opinion that it is certainly not an admission of guilt of any kind

5

whatsoever.  The petitioner's objections are **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 15]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  The petitioner's Objections **[Doc. 17]** are **OVERRULED**.  Accordingly, this Court **ORDERS** that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.  Additionally, the Emergency Motion for Preliminary Injunction Supported by the Petition for Habeas Corpus **[Doc. 2]** is **DENIED AS MOOT**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that petitioner James has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** October 29, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE